DECISION
Plaintiff has moved this Court to vacate its decision of October 20, 1995 in light of recent changes to R.C.P. 19 concerning joinder of persons needed for just adjudication. The plaintiffs' motion will be treated by this Court as a motion to amend judgment pursuant to R.C.P. 59. After consideration of counsels' memoranda, this Court amends the judgment previously entered as follows, but still grants without prejudice defendant's Motion to Dismiss for Failure to Join Indispensable Parties.
The 1995 amendment changed R.C.P. 19 to parallel the Fed. R. Civ. P. 19. Committee Note to R.C.P. 19. The former R.C.P. 19 paralleled the former Fed. R. Civ. P. 19 that was amended in 1966. Committee Note to R.C.P. 19.
The new structure of R.C.P. 19 reflects the analytical sequence that a court should follow in deciding a compulsory joinder problem. The court initially must determine whether the absent person's interest in the litigation is sufficient to satisfy one or more of the tests set out in R.C.P. 19 (a). See 7 Wright, Miller and Kane, Federal Practice and Procedure, § 1604 at 40 (1986). R.C.P. 19 (a) states:
 "(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. . . ."
Difficulties arise only if a required party cannot be effectively joined because he or she is not subject to service of process, if his joinder will deprive the court of subject matter jurisdiction, or if he makes a valid objection to the court's venue after joinder. See 7 Wright, § 1604 at 41. When joinder of someone described in R.C.P. 19 (a) is not feasible, the court must examine the four considerations described in R.C.P. 19 (b) to determine whether the action may go forward in his or her absence or must be dismissed. See 7 Wright, § 1604 at 41. R.C.P. 19(b) states:
 (b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1) — (2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court included: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; forth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
As a practical matter, the changes to R.C.P. 19 make no significant changes in the court's power. R.C.P. 19 still leaves the court with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward without someone needed for a complete adjudication of the dispute. See 7 Wright, § 1604 at 66.
In the matter presently before this Court, the allegedly favored individuals who purchased credits pursuant to the bills in question have an established property right in their pension credits. If allowed to go forward, this case may affect the property interest of said individuals, thereby precluding complete relief. Therefore, R.C.P. 19 (a) requires that said individuals be joined if feasible.
When joinder is not feasible, this Court must apply the balancing test established under the amended R.C.P. 19(b). Under the test, the missing individuals' possible harms must be weighed against the plaintiffs' harm if the action is dismissed. In this case, if plaintiffs succeed on the merits of their case, the property interest of the individuals who should have been joined to the suit will be diminished. No protective provisions in the shaping of relief would lessen or avoid the missing parties' prejudice. Furthermore, plaintiffs will still be entitled to an adequate remedy at law if this action is dismissed for nonjoinder because such dismissal is without prejudice. Therefore, before this Court could consider enjoining the payment of retirement benefits and diminishing retirement credits to any allegedly favored individual who purchased credits pursuant to the bills in question, that individual would have to be joined in this case as required by R.C.P. 19, as amended, and G.L. 1956 (1985 Reenactment) § 9-30-11.
Accordingly, for the foregoing reasons, plaintiffs' Motion to Vacate Judgement is hereby denied. Counsel shall prepare an appropriate judgment for entry reflecting this Court's original rulings and all amendments thereto.